UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

ALBERT HUDSON,

                     Petitioner,

           - against -

UNITED STATES OF AMERICA,

                     Respondent.

------------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

10 Civ. 0116 (BMC)

**COGAN, District Judge.**

Petitioner *pro se* filed this petition which has been construed as seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asks to have his sentence for violation of his federal supervised release run concurrently with the state sentence he is currently serving. For the reasons set forth below, the petition is dismissed without prejudice as premature. Petitioner's claim is not ripe for review.

## BACKGROUND

On May 20, 1991, petitioner pled guilty to assaulting a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and (b). He was sentenced to 15 months in prison, to be followed by two years supervised release. On November 4, 1992, petitioner was released from prison and began his supervised release. From November 18, 1992 through June 3, 1993, he failed to report to probation, and probation determined that he did not live at his reported residence.[1] During this period, on February 11, 1993, petitioner was arrested by the New York City Police Department for criminal possession of a weapon. He was released on his own recognizance but failed to appear in Brooklyn Criminal Court on March 4, 1993, at which time a bench warrant was issued.

---

[1] Respondent's brief states that the time period was November 18, 1992, through June 3, 1992. The Court will assume this is a typographical error and the actual date was June 3, 1993.

1

On June 3, 1993, petitioner was arrested for attempted murder in the second degree. He was convicted and sentenced in Brooklyn Criminal Court to 12 ½ -25 years in prison. He is currently serving that sentence in state custody. Based on petitioner's arrests, he was charged with violating the terms of his federal supervised release in this Court. Judge Bartels ordered the issuance of a warrant, which the United States Marshal lodged as a detainer.[2] Pursuant to the lodging of this detainer, upon petitioner's release from state custody, he is to be produced before this Court to respond to the charge of violating his supervised release.

Petitioner now requests that his potential future federal sentence, which may result from a revocation of his supervised release, run concurrent with the 12 ½ -25 year sentence he is currently serving in state custody. Petitioner has yet to appear before this Court to answer the charge of violating his supervised release. At the conclusion of his state sentence, petitioner will be brought before this Court. During that hearing, the Court will determine if petitioner violated his supervised release, whether his supervised release will be revoked and, if so, whether he will receive any credit for the time he has served in state custody.

## DISCUSSION

### A. Standard of Review

Title 28, section 2241 permits habeas corpus review for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). This Court has jurisdiction to hear this case because "[a] habeas challenge to a future sentence may be brought in the jurisdiction of future custody." Evans v. United States, 08-CV-3830, 2010 U.S. Dist

---

[2] This case was reassigned to me from Judge Bartels on July 6, 2009.

2

LEXIS 49645, at *6 (E.D.N.Y. May 17, 2010) (citing Rumsfeld v. Padilla, 542 U.S. 426, 438, 124 S. Ct. 2711 (2004)).

**B. Ripeness**

However, having jurisdiction over the petition does not necessarily mean it is ripe for review. The ripeness doctrine is intended "'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" Nat'l Park Hospitality Ass'n v. Dep't of the Interior, 538 U.S. 803, 807-08, 123 S. Ct. 2026 (2003) (quoting Abbott Labs v. Gardner, 387 U.S. 136, 148-49, 87 S. Ct. 1507 (1967)). "'A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Dutton v. U.S. Attorney General, 08-CV-0874, 2010 U.S. Dist. LEXIS 50372, at *24 (W.D.N.Y. May 20, 2010) (citing Texas v. United States, 523 U.S. 296, 300, 118 S. Ct. 1257 (1998)).

In Evans, for instance, the court held that petitioner's § 2241 habeas claim was not yet ripe for review because he was not yet in federal custody and the BOP had not made any determination as to the credit petitioner might be entitled to for his future federal sentence. 2010 U.S. Dist LEXIS 49645, at *13-14. Petitioner there, incarcerated by the State of New York, challenged the potential computation of credit for his federal sentence having plead guilty to robbery in federal court.

The instant case is even more premature than Evans. Petitioner has not even been brought before me for violating the terms of his supervised release. That will occur once he has completed his New York State custodial sentence. If he is found to have violated his supervised

3

release, it is possible that this Court, when it considers the sentence, will take into account his state custody and adjust the sentence in some manner, perhaps even by not sentencing him to any more time for violating his supervised release in light of his state custody.

Because petitioner has not yet been brought before the federal court for violating his supervised release, "a decision on the merits of his petition would be conjectural and could 'turn out to be unnecessary.'" Johnson v. INS, No. 3:08cv1377, 2009 U.S. Dist. LEXIS 48760, at *11 (D. Conn. June 10, 2009). See also Hung Vi v. Alcantar, 07-5527, 2008 U.S. Dist. LEXIS 75581, at *6-7 (N.D. Cal. July 3, 2008) ("Because the Court cannot adjudicate the legality of Petitioner's hypothetical future detention based on the current record, this case, at a minimum, is not ripe for decision as a prudential matter.").

## CONCLUSION

Petitioner's application for a writ of habeas corpus is denied, and the petition is dismissed. This dismissal is without prejudice to petitioner's ability to argue to this Court, if and when he is found to have violated the terms of his supervised release, that he should not be sentenced to any additional custody in light of his time served in state custody. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
July 29, 2010